**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4952**

—————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAVID LYNN BAILEY,

        Defendant – Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:09-cr-00306-TDS-1)

—————————

Submitted: May 24, 2011        Decided: June 7, 2011

—————————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRISON, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following denial of his motion to suppress evidence seized from his home pursuant to a search warrant, David Lynn Bailey pled guilty to possession with intent to distribute cocaine base. He was sentenced to 180 months in prison. Bailey now appeals, contending that the district court erroneously denied the motion to suppress because the affidavit submitted in support of the search warrant was insufficient to establish probable cause. We affirm.

Probable cause to issue a search warrant "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found in the place to be searched." United States v. Richardson, 607 F.3d 357, 369 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 427 (2010). "[A] judicial officer issuing a search warrant must simply make a practical, commonsense determination — based on the totality of the circumstances revealed in the affidavit — of whether there is a substantial likelihood that evidence of a crime will be found in a particular place." United States v. Allen, 631 F.3d 164, 173 (4th Cir. 2011).

"When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." United

2

States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996).  The reviewing court accords great deference to the magistrate's determination of probable cause.  United States v. Blauvelt, 638 F.3d 281, 287 (4th Cir. 2011).  In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the magistrate had a substantial basis for concluding that there was probable cause to issue the warrant.  Illinois v. Gates, 462 U.S. 213, 238-39 (1983).

Bailey contends that the affidavit submitted in support of his search warrant was comparable to the affidavit in Wilhelm, where we found that an affidavit did not establish probable cause.  Wilhelm, 80 F.3d at 120-21.  In Wilhelm, the search warrant was premised almost entirely on information supplied by an anonymous phone caller who never met face-to-face with the arresting officer.  Id.

In contrast to the situation in Wilhelm, the informant in Bailey's case was an individual who previously had provided authorities with reliable information that was used in other cases involving controlled substances.  The informant supplied information about Bailey and his girlfriend which authorities corroborated prior to seeking the search warrant.  Further, the informant was a past drug user who was familiar with cocaine and the drug trafficking trade.  Within seventy-two hours of the filing of the affidavit, the informant was in the Bailey

3

residence, where the informant observed quantities of cocaine.

Based on the totality of the circumstances, we conclude that the affidavit offered in support of the search warrant established the requisite probable cause. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED